UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE _Dein_

JOSE JEREMIAS GAMEZ-FUNEZ )       04   11446 GAO
       Petitioner          )
                           )
                           )
       v.                  )    PETITION FOR HABEAS CORPUS
                           RECEIPT # _56877_
BRUCE CHADBOURNE           AMOUNT $ _5_
       Respondent          SUMMONS ISSUED _N/A_
                           LOCAL RULE 4.1 ____
                           WAIVER FORM ____
Now comes the Petitioner:  MCF ISSUED ____
                           BY DPTY. CLK. _TOM_
                           DATE _6/24/04_

1. Jose J. Gamez-Funez, a resident of Massachusetts, who is presently in the custody of the Immigration and Custom Enforcement, at the Bristol County Correctional, North Dartmouth, Massachusetts.

2. The Respondent, Bruce Chadbourne, is the District Director for the U.S. Immigration and Custom Enforcement agency, District of Boston.


JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999); See Mayer v. I.N.S., 175 F.3d 1289, (11th Cir.1999.)


SUMMARY OF THE ISSUE

4. Whether the District Director can execute removal of an alien, when that individual has an application for Temporary Protective Status pending with the United States Citizenship and Immigration Service ("CIS").


HISTORY OF PROCEEDINGS

5. The Petitioner, Jose Gamez, is a married male, native and citizen of Honduras, who entered the United States on or about October 11, 1989, through Texas, without being inspected or paroled.

6. On November 6, 1990, the Boston Immigration Judge ordered Petitioner deported in absentia to Honduras for failure to appear for his rescheduled hearing.

7. On April 16, 1999, Petitioner filed with CIS, an application for Temporary Protective Status. Petitioner also re-registered again on or about June 10, 2003.

8. On August 21, 2003, the Service requested additional evidence regarding charges brought against the Petitioner in the Nashua District Court.

9. On August 28, 2003, Petitioner, through Counsel, submitted the requested evidence to the Service center. However, in a decision dated January 12, 2004, the District Director denied Petitioner's application alleging that he failed to submit the additional evidence requested.

10. A notice of appeal has been filed with CIS challenging its denial for error, which is still pending.

11. Additionally, on June 16, 2004, Petitioner filed a motion to Reconsider reopening his deportation proceedings with the Boston Immigration Court, as well as an appeal with the Board of Immigration Appeals, all of which are currently pending.

12. This Petition for a Writ of Habeas Corpus and Motion to Stay Deportation follows.

ANALYSIS

13. The Petitioner Moves this Honorable Court to grant his request for habeas corpus relief and stay his deportation, pending a decision on his application for TPS.

14. Petitioner meets the four part test set forth in Arevalo v. Ashcroft, for a judicial stay. Arevalo v. Ashcroft, 344 F.3d 1,7 (1st Cir. 2003). There, this Court stated that "a petitioner must demonstrate (1) that he is likely to succeed on the merits of his underlying case; (2) that he will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not disserve the public interest."

15. Petitioner is likely to succeed on the merits of his appeal where he complied with the Service's August 21, 2003 notice as is evident from record. See Attachment Tab 1.

16. Furthermore, Petitioner has a strong likelihood of success

on the merits of his motion, where it was properly filed. Petitioner seeks to reopen his deportation case with the Boston Immigration Court on the basis of his prima facie eligibility for adjustment of status; he is married to a United States citizen, with whom he has three United States citizen children, and an I-130 immediate family petition was filed with CIS on February 16, 2001, on his behalf.

17. A properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment. Matter of Velarde-Pacheco, (BIA 2002). We emphasize that we do not endorse granting adjustment of status in every case in which a respondent makes a prima facie showing of eligibility. Id. However, every application necessarily requires examination of the relevant factors and a determination of the weight such factors should be accorded in the exercise of discretion, with respect both to reopening and to the ultimate determination on the application for relief. Id.

18. Petitioner will suffer irreparable harm if deported while his application for TPS is still, in violation of 64 FR 524 and section 244 of the INA. Additionally, if Petitioner is deported prior to final adjudication of his motion and appeal, he effective waive all rights to have his administrative remedies exhausted, which is tantamount of depriving him of his limited due process rights.

19. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion. See 8 C.F.R. § 3.23 (b)(1).

20. A balancing of the hardships in this case favors the Petitioner. Petitioner is married to a United States citizen, with whom he has three United States citizen children, ages 11(twins) and 8 mos. Petitioner's spouse filed an application for an immediate relative visa with the Immigration Service.

21. Furthermore, his stay of deportation would not disserve the public interest. It is the public's interest to see justice done, especially where someone's statutory and constitutional due process right are concerned.

22. Since Petitioner possess a statutory and constitutional due process right to apply for relief before the proper administrative board, and to have said application(s) adjudicated, a stay should be granted while his applications for relief are pending.

23. Based upon the above stated facts, the Petitioner prays that

this Court will grant his request for habeas relief, and stay his deportation, pending adjudication of TPS application or in lieu, his motion to reconsider and his appeal.

Respectfully submitted,

*Stephen A. Lagana*
STEPHEN A. LAGANA, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978/ 794-2331
BBO#: 565811

### CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for Petitioner, hereby certify that on this date, I have mail a copy of the above-enclosed Petition, upon Special Assistant U.S. Attorney, Frank Crowley, at the Office of the U.S. Attorney, Department of Homeland Security, P.O. Box 8728, Boston, MA 02114, and Bruce Chadbourne, Department of Immigration and Custom Enforcement, JFK Federal Building, Room 1725, 15 New Sudbury Street, Boston, Massachusetts 02203.

*Stephen A. Lagana*                           6/23/04
Stephen A. Lagana, Esq.                       Date

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jose Jeremias Gamez-Funez

## DEFENDANTS
Bruce Chadbourne

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen A. Lagana
145 Essex Street
Lawrence, MA 01840  (978) 794-2331

ATTORNEYS (IF KNOWN)

04 11446 GAO

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 2241

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 6/23/04

SIGNATURE OF ATTORNEY OF RECORD: Stephen A Lagana

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Jose    v.    Bruce

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   _X_  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                YES          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                YES          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                YES          NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                YES          NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION         CENTRAL DIVISION x       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen A. Lagana
ADDRESS  145 Essex Street, Lawrence MA 01840
TELEPHONE NO.  978 794-2331

(Cover sheet local.wpd - 11/27/00)