UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE JEREMIAS GAMEZ-FUNEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRUCE CHADBOURNE, )<br>)<br>Respondent. )<br>) | C.A. NO. 04-11446-GAO |

RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

I.   INTRODUCTION

In his habeas corpus petition ("Petition"), the Petitioner seeks a stay of deportation pending adjudication of his application for Temporary Protected Status ("TPS") under section 244 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254a, due to conditions in Honduras.  See, Petition, p.2, ¶13.  For the reasons set forth herein, the Petition should be dismissed.

II.   FACTS

(i)   Deportation Proceedings

Petitioner is a native and citizen of Honduras who entered the United States at the Mexican border illegally on October 11, 1989, without being inspected as required.  Id., p.1., ¶ 5. At Petitioner's request, his deportation proceedings were transferred from Texas to Boston; however, on November 6, 1990, Petitioner failed to appear at his scheduled deportation hearing,

and was ordered deported <u>in</u> <u>absentia</u> by an Immigration Court.[1] Petitioner was sent notice on February 1, 1991, to appear at the INS offices for execution of his deportation order, but again he failed to appear, and remained a fugitive until March 26, 2004, when he was located by the Immigration and Customs Enforcement ("ICE") Fugitive Unit and taken into ICE custody for execution of his deportation order.

On or about April 16, 2004, Petitioner filed a motion to reopen his deportation proceedings claiming lack of notice of his November 6, 1990 deportation hearing. That motion was denied by the Immigration Court on May 20, 2004. <u>See</u> <u>Exhibit</u> <u>A</u>. Petitioner filed a second motion with the Immigration Court dated June 16, 2004, essentially seeking reconsideration of the IJ's May 20, 2004 denial, which was also denied on August 2, 2004. <u>See</u> Declaration of Christine Reyes, ¶3 , <u>Exhibit</u> <u>B</u>, attached hereto; Petition, p.2, ¶11. Although Petitioner claims he has appealed the denial of his motion to reopen with the Board of Immigration Appeal ("BIA"), <u>see</u> Petition p.2  ¶11, the BIA has no record of any such appeal. <u>See</u> <u>Exhibit</u> <u>B</u>. ¶4.

(ii)    <u>Temporary Protected Status</u>

Prior to being taken into custody by ICE, on or about February, 1999, Petitioner filed for Temporary Protected Status ("TPS") with the U.S. Citizenship and Immigration Services ("USCIS"), since Honduras was designated by the Attorney General as a country eligible for TPS status. <u>See</u>  Petition, p.2, ¶7. By the letter dated August 21, 2003, Petitioner was informed that his application for TPS eligibility was incomplete in that he failed to provide documentation concerning his criminal background; namely, the disposition of his second driving while

---

[1] <u>See</u> Decision of Immigration Judge, a true and accurate copy of which is attached hereto as <u>Exhibit</u> <u>A</u>,  p.2.; <u>Petition</u>,  p.2,  ¶6.

intoxicated ("DWI"), disobeying a police officer, and forgery charges.  See Decision of Administrative Appeals Office of USCIS attached hereto as Exhibit C.  In January, 2004, Petitioner was informed that his TPS application was being denied by the Acting Center Director of USCIS as a result of his failure to submit the aforementioned documentation.  Id.; Petition, ¶9, p.2.  Later, on June 25, 2004, the USCIS' Appeals Unit dismissed Petitioner's appeal of his TPS denial by the Acting District Director for the same reason; namely, although Petitioner claimed he submitted the proper documentation concerning his criminal dispositions, no such filing had been received by the USCIS.  See Exhibit C, p.3.

### III.  ARGUMENT

Petitioner seeks a stay of deportation as a result of two purportedly pending matters; namely, (i) a decision by the BIA of his appeal of the IJ's decision denying his motion to reopen his deportation proceedings, and (ii) a decision by the USCIS Appeals Unit on his appeal of the denial of his TPS application by the USCIS Acting District Director.  Nonetheless, the record reflects that no appeal has been received by the BIA.  Likewise, his appeal with the USCIS has been denied.  See Exhibit C; see Exhibit B, ¶4, respectively. [2]

On this backdrop, with regard to his removal order, since Petitioner has failed to exhaust his administrative remedies (i.e., file an appeal with the BIA), he is barred from seeking judicial review through a habeas petition.  See former 8 U.S.C. § 1105a(c)("[a]n order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available as of right under the immigration laws and regulations"); Sousa v. INS, 226

---

[2] Assuming, arguendo, an appeal was properly filed with the BIA, an automatic stay is triggered upon that filing and, thus, the Petition is moot.

F.3d 28, 31 (1st Cir. 2000) ("most circuits, including this one, have described section 106(c) as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency."). Indeed, "issues not raised before the Board may not be raised for the first time upon judicial review of the Board's decisions." Ravindran v. INS, 976 F.2d 754, 761 (1st Cir.1992); Alvarez-Flores v. INS, 909 F.2d 1, 8 (1st Cir.1990) ( "Since petitioner did not raise the claim before the BIA, however, the doctrine of exhaustion of administrative remedies precludes it here."); Luis v. INS, 196 F.3d 36, 40 (1st Cir.1999) (issue not raised to the Board is forfeited); See also Mattis v. Reno, 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . .[also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional [issue] forfeiture rules pertain in habeas cases."). [3]

Recently, this Circuit has confirmed, again, that a removable alien's failure to exhaust his administrative remedies bars subsequent habeas review. Sayyah v. Farquharson, 382 F.3d 20 (1st Cir. 2004) (failure to exhaust administrative remedies bars review through habeas petition). In light of the above, where, as here, Petitioner has failed to exhaust his administrative remedies, the Petition should be denied.[4]

---

[3] Also, once Petitioner exhausts any appeal to the BIA, assuming the appeal is dismissed, any judicial review of said dismissal by the BIA is prescribed by statute to be in the circuit court of appeals for the location where the immigration judge completed the proceedings, i.e., the First Circuit Court of Appeals. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IRRIRA"), ¶309(C)(4)(c) and (d).

[4] Petitioner fares no better on his TPS claim. In his petition, Gamez-Funez seeks a stay of deportation pending a decision of his appeal with the Appeals Unit of the USCIS. However, as stated above, that appeal was denied on June 25, 2004, rendering his request for relief in the Petition moot.

III.   CONCLUSION

For the reasons set forth herein, The Petition should be denied.

         Respectfully submitted,

         MICHAEL J. SULLIVAN
         United States Attorney

By: s/s Michael P. Sady
   Michael P. Sady
   Assistant U.S. Attorney
   John Joseph Moakley Federal Courthouse
   Suite 9200
   Boston, MA 02210
   (617) 748-3100

   Frank J. Crowley
   Special Assistant U.S. Attorney
   Department of Homeland Security
   Bureau of Immigration and Customs Enforcement
   P.O. Box 8728 JFK Station
   Boston, MA 02114

Dated: October 18, 2004

### CERTIFICATE OF SERVICE

I certify that on, I caused a copy of the foregoing Motion to be served on October 18, 2004 by first class mail, postage pre-paid to Petitioner's counsel, Stephen A. Lagana, Lagana & Associates, 145 Essex Street, Lawrence, MA 01840-0149.

         /s/ Michael Sady
         Michael Sady
         Assistant U.S. Attorney

### CERTIFICATION UNDER L.R. 7.1

Pursuant to Local Rule 7.1(a)(2), Respondent's counsel certifies that he has attempted to contact Petitioner's counsel with regard to this motion, but to no avail.

         /s/ Michael P. Sady
         Michael P. Sady
         Assistant U.S. Attorney